# WILLIAM McMURCHY

*v.*

## WILLIAM S. O'HAIR, for use, etc.

REPLEVIN BOND—*estoppel by recovery in replevin suit.* Where a judgment of *retorno habendo* was rendered in an action of replevin, in a suit upon the replevin bond, the defendants offered to prove that the property replevied, in fact, belonged to the plaintiff in replevin, but had been delivered by him to the defendant in that suit in order to place it beyond the reach of creditors, and had been levied on and sold by said creditors while in the hands of the plaintiff in replevin: *Held,* that the defendants were concluded by the judgment in the replevin to question the owner- ship of the property.

APPEAL from the Circuit Court of Edgar county; the Hon. JAMES STEELE, Judge, presiding.

This was an action of debt on a replevin bond, by O'Hair, sheriff, for the use of Francis M. Pattison, against William McMurchy, Rebecca McMurchy and Henry E. Rives. A recovery was had, and McMurchy appealed.

Mr. JAMES A. EADS, for the appellant.

Mr. R. N. BISHOP, for the appellee.

Mr. Chief Justice Lawrence delivered the opinion of the Court:

This was an action on a replevin bond, and the only question presented by the record is, as to the admissibility of certain evidence, offered by the defendants for the purpose of proving that the property replevied belonged, in fact, to the plaintiff in the replevin suit, but had been delivered by him to the defendant in that suit, in order to place it beyond the reach of creditors, and had been levied upon and sold by said creditors while in the hands of the plaintiff in the replevin.

Apart from other objections to this evidence, it is sufficient to say, that the parties are concluded by the judgment in the replevin. That was a judgment of *retorno habendo*. It is said the verdict was merely "not guilty," but we must presume, in support of this judgment, when coming before us collaterally, that the pleadings presented an issue of property in the defendant. This presumption is the more probable, as the judgment offered in evidence shows a jury was waived. There was, therefore, no technical verdict, and the entry of a finding of not guilty was probably an error of the clerk in making up the record, the *retorno habendo* being the substantial part of the judgment. In any event, there was a trial, in which, as is manifest from the judgment, this evidence should have been offered, if admissible at any time, and the circuit court did not err in refusing to receive it in the present action. The parties are concluded by the former judgment.

The judgment of the court below is affirmed.

*Judgment affirmed.*